■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IBN KENYATTA, Appellant.—Judgment rendered November 25, 1974, in the Supreme Court, Bronx County, convicting defendant-appellant upon a jury verdict of the crimes of attempted murder and possession of a weapon as a felony and sentencing him to concurrent indeterminate terms of imprisonment of from 21 years to life and seven years respectively, modified in the exercise of discretion to reduce the sentence for the attempted murder conviction to 15 years to life and as so modified the judgment is otherwise affirmed. Given the unusual background of this case and the apparent absence of any prior record, the sentence, although within prescribed statutory limits, seems unduly harsh. On the other hand, the finding of guilt being affirmed, any modification made here is restricted by statute. (Penal Law, §§ 125.27, 110.05, 70.00, subd 2, par [a]; § 70.00, subd 3, par [a], cl [i]) Concur—Stevens, P. J., Markewich and Murphy, JJ.; Silverman, J., concurs in a memorandum, and Nunez, J., dissents in part in a memorandum as follows: Silverman, J. (concurring). The crime of which the defendant has been convicted is an extremely serious crime meriting very severe punishment. But even among very severe punishments there are degrees. The present case arose out of a dispute as to whether defendant had paid his subway fare. Granting that defendant attacked the police officer, the police officer lying on the ground retaliated with his nightstick and "slapper." The defendant seized the police officer's gun and shot the police officer who had taken shelter behind a rubbish disposal can; the police officer shot defendant with the police officer's off-duty gun; both men were wounded, the police officer more seriously than defendant. Unjustifiable as defendant's attack was, it remains true that this was not a premeditated attack; the defendant was not waiting in ambush to attack the police officer; the defendant was unarmed when the incident began. The defendant's fingerprint record fails to reveal any previous criminal involvement. While defendant's refusal to co-operate with the probation department in giving them information to assist the Judge in fixing an appropriate sentence can properly militate against any argument by the defendant that the sentence was excessive, it still appears to us that the sentence below was excessive. The minimum sentence for the crime for which the defendant was convicted, attempted murder of a police officer, is 15 years to life, which is by no means a light sentence. We think that is a sufficient sentence in this case. Nunez, J. (dissenting in part). The defendant has persistently refused to identify himself other than to give his name as Ibn Kenyatta. He refused to give his address, occupation, his age or any information whatsoever. He refused to be interviewed by the probation officer. And while the sentence is severe, in my opinion, we are not justified in substituting our judgment for that of the Trial Justice. The six-foot two-inch defendant stands convicted of attempted murder of a police officer in full uniform. That he had murder in his heart may not be denied upon this record, for in a struggle with his victim, who had lawfully placed him under arrest, the defendant removed the revolver from the policeman's holster and fired six shots at him point blank, four of them finding their mark in the victim's body. Appellate courts, including ours, constantly repeat the refrain that we should not interfere with the Trial Judge in matters of discretion unless abuse is clearly evident. Yet here, the court could have imposed a more severe sentence (25 instead of 21 years minimum). Where is the abuse? When will we recognize that justice is due the accuser as well as the accused? When will we realize that our system, indeed our own existence as

well as the guarantees of individual liberty and safety all depend upon the support of the majority of the people? Are we not jeopardizing that support by constantly, and often exclusively, focusing on the defendant's rights in disregard of those of the victim and society? We should affirm.